Cavanagh, J.
(dissenting). Because I disagree with the majority’s conclusion that our court rule deprives the putative father of standing to intervene, I must respectfully dissent. I would hold, for the reasons *209 stated in my dissent in Girard v Wagenmaker, 437 Mich 231, 253-278; 470 NW2d 372 (1991), that the Legislature intended to allow putative fathers an opportunity to intervene in child protective proceedings. Hence, the majority errs by applying MCR 5.921(D) in a manner that prohibits standing.
As stated in my Girard dissent, nothing in our statutes or court rules compels the conclusion that a putative father must first establish paternity in a separate legal proceeding. To so hold perpetuates the errors caused by the majority’s position in Girard, while denying parents the right to develop and maintain relationships with their children.
Though my position in Girard adequately rebuffs the majority’s decision today, one need not focus exclusively on the rights of the putative father; the child’s rights also demand this result.[1] Courts making paternity and custody determinations have the authority to inquire about a child’s putative father or parent in fact. Without it, a court would be deprived of the means necessary to ensure that a child’s best interests and due-process rights are protected.
Few would disagree that an extremely self-reflective and understanding legal father could process feelings of rejection, anger, or betrayal while continuing *210 to lovingly nurture a child sired by another man. However, the majority assumes that all legal fathers have that extraordinary capacity and that the presence of putative fathers in their children’s lives would, in no way, prove beneficial if paternity had not been established at an earlier legal proceeding.
For these reasons, I must respectfully dissent.

 See, e.g., In re Doe, 254 Ill App 3d 405, 410-411; 627 NE2d 648 (1993):
Fortunately, the time has long past when children in our society were considered the property of their parents. Slowly, but finally, when it comes to children even the law has rid itself of the Dred Scott mentality that a human being can be considered a piece of property “belonging” to another human being. To hold that a child is the property of his parents is to deny the humanity of the child. Thus, in the present case we start with the premise that . . . [the child] “belongs” to no one but himself.